```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

**CHRISTOPHER HARRIS,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:20-00260**

**WARDEN C. MARUKA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I. Introduction

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendation ("PF&R"). Magistrate Judge Eifert submitted her proposed findings and recommendation on December 9, 2020. In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, dismiss this matter with prejudice, and remove the case from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover,

this court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On December 23, 2020, Harris filed a motion for an extension of time to file his objections. See ECF No. 10. That motion is hereby **GRANTED** and the objections that plaintiff filed on January 29, 2021, see ECF No. 11, are deemed to be timely filed. With respect to those objections, the court has conducted a de novo review.

## II. Analysis

On April 13, 2020, plaintiff filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. In that filing, he contends that he was denied due process during prison disciplinary proceedings that resulted in a loss of good time credits and privileges. Specifically, Harris contends that his due process rights were violated because the Unit Discipline Committee ("UDC") and Discipline Hearing Officer ("DHO") Leslie failed to obtain and review video footage which he claims would "exonerate" him.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S.

539, 556 (1974).  Where a prison disciplinary hearing may result in the loss of good time credits, Wolff held that the inmate must receive: (1) "advance written notice of the claimed violation"; (2) an opportunity, when consistent with institutional safety and correctional goals, "to call witnesses and present documentary evidence in his defense"; (3) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action"; and (4) an opportunity to seek the aid of a fellow inmate or prison staff on complex matters or if the inmate is illiterate".  Id. at 563-70.

In 2019, the United States Court of Appeals for the Fourth Circuit held that, under Wolff, "inmates at risk of being deprived of a liberty interest, like good time credits, have a qualified right to obtain and present video surveillance evidence."  Lennear v. Wilson, 937 F.3d 257, 262 (4th Cir. 2019). According to the Lennear court, "upon request, an inmate is entitled to access prison video surveillance evidence pertaining to his or her disciplinary proceeding unless the government establishes that disclosure of such evidence would be, under the particular circumstances fo the case, 'unduly hazardous to institutional safety or correctional goals.'"  Id. at 269 (quoting Wolff, 418 U.S. at 566).  The Fourth Circuit also confirmed that any violation of an inmate's procedural due process rights in disciplinary proceedings is "subject to

harmless error review." Id. at 276. "[I]n evaluating whether prison officials' failure to disclose or consider evidence was harmless, courts must determine whether the excluded evidence could have aided the inmate's defense." Id. at 277.

Magistrate Judge Eifert recommended that the court dismiss plaintiff's § 2241 because any failure to preserve and review video footage related to Harris's disciplinary violation was, at most, harmless error. In so finding, she credited Harris's assertions that he had actually requested video footage despite the evidence in the record suggesting otherwise. However, because Harris actually admitted to the charge of which he was found guilty, i.e., fighting with another person, Magistrate Judge Eifert concluded the alleged video evidence could not have aided Harris's defense. See Meyers v. Streeval, Civil Action No. 7:19-cv-00773, 2020 WL 6582829, at *3 (W.D. Va. Nov. 10, 2020) ("However, Meyers admitted that the weapon was his to both the UDC and the DHO, . . . thereby eliminating the need for the video."). As she noted:

> To facilitate resolution of the petition, this Court has accepted Harris's factual allegations as true. Nonetheless, the Court cannot ignore that Harris has provided no evidence to substantiate his representations, while the records of the disciplinary process entirely contradict Harris's recollections. As Respondent notes, Harris's admission to fighting simply cannot be reconciled with his claim that he requested "exculpatory surveillance footage." ECF No. 6 at 10). Despite Harris's assertion that the charge had "no merit and was circumstantial at best," (ECF No. 1 at 4), he offers no alternative version of events to

4

> contradict the factual basis for the charge as described in the incident report, nor does he explain why he admitted being guilty of the charge if video footage would have exonerated him.

ECF No. 9 at 10 (emphasis in original).

In his objections, Harris does not really grapple with the PF&R's conclusion that any error in failing to review video footage was harmless. Instead, he notes that the BOP has admitted it did not review or preserve any video footage which Magistrate Judge Eifert noted as well. Harris also maintains that "if the footage was destroyed, erased or just not recorded . . . the [BOP] should have given "a written account of what that footage recorded." ECF No. 11 at 2. Finally, he suggests that video evidence might have shown the other inmates involved in the fight "could have been aggressor with weapons or/and the officer unethically [sic] use of the pepper spray." Id. Notably, he does not contend that video footage would have shown him to be innocent of fighting. The court agrees with Magistrate Judge Eifert that Harris's admission of guilt renders any procedural due process error in failing to review or provide video footage harmless.\*

---

\* With respect to Harris's argument that the BOP allegedly did not follow its own regulation, the failure to follow a prison regulation does not mean that an inmate's due process rights have been violated. "[P]rison regulations are meant to guide correctional officials, not to confer rights on inmates." Farrakhan-Muhammad v. Oliver, 677 F. App'x 478, 479, 2017 WL 460982, \*1 (10th Cir. Feb. 3, 2017) (holding that "minor deviations from Bureau of Prison regulations regarding when

III.  Conclusion

For the reasons discussed above, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court **DENIES** plaintiff's petition for Writ of Habeas Corpus; **DISMISSES** this matter with prejudice, and directs the Clerk to remove the case from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

---

Petitioner received the incident report and when the UDC hearing occurred did not violate the Constitution."); see also Cooper v. Jones, No. 10-6003, 372 F. App'x 870, 872 (10th Cir. Apr. 13, 2010) ("The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison.").

standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 22nd day of July, 2021.

ENTER:

David A. Faber
Senior United States District Judge